UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAUL A. JAMES | CIVIL ACTION |
| VERSUS | NO. 10-1903 |
| WARDEN RUSSELL BUTLER, LOUISIANA DEPARTMENT OF CORRECTIONS | SECTION "R"(4) |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

### I.  Factual Background

The petitioner, Paul A. James ("James"), is a convicted inmate currently incarcerated in the Richwood Correctional Center in Monroe, Louisiana.[2] On December 20, 2005, James and a co-defendant, Sarah B. Latiolais, were each charged in two bills of information in St. Tammany Parish

---

[1] Under 28 U.S.C. § 2254(e)(2), an Evidentiary Hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 18.

with one count of possession of cocaine in Case No. 405403 and one count of possession of marijuana in Case No. 405404.[3]

The record reflects that,[4] on or about November 15, 2005, during the early morning hours, several officers of the St. Tammany Parish Sheriff's Office arrived at a trailer home located at 21339 Progress Street in Covington, Louisiana. The officers were seeking to execute an arrest warrant for Sarah Latiolais on unrelated traffic violations and had received information that she was residing at that address. Deputy Alex Dantagnan, Sergeant Allen Williams, and Deputy Ben Godwin approached the front of the residence, while Corporal Danny LeBlanc positioned himself near the rear of the residence. After Deputy Godwin knocked on the door and announced their identification as members of the sheriff's office, the officers heard movement inside of the trailer. Latiolais was present in open view when Paul A. James, Jr., opened the door. The officers entered the trailer and proceeded to arrest Latiolais.

As Corporal LeBlanc restrained Latiolais, he observed what appeared to be a pipe used to smoke crack cocaine on a counter that divided the kitchen and living room area of the small trailer. Corporal LeBlanc notified the other officers of his observation and seized the item. Deputy Dantagnan and Sergeant Williams observed James, who began to fidget, look around the trailer while avoiding eye contact with the officers, and placed his hands in his pockets. The officers instructed him to remove his hands from his pockets. James complied but within seconds placed his hands in his pockets again. Deputy Dantagnan developed safety concerns and decided to conduct a pat-down

---

[3]St. Rec. Vol. 1 of 4, Bill of Information, 12/20/05.

[4]The facts of the case were taken from the unpublished opinion of the Louisiana First Circuit Court of Appeal on direct appeal. *State v. James*, 968 So.2d 255 (La. App. 1st Cir. 2008) (Table); *State v. James*, No. 2007KA2400, 2008 WL 2332237, at *1 (La. App. 1st Cir. Jun. 6, 2008); St. Rec. Vol. 3 of 4, 1st Cir. Opinion, 2007-KA-2400, pp. 2-4, 6/6/08.

search of James. During the search, Deputy Dantagnan felt a cylindrical object that James simultaneously identified as a "crack pipe." Deputy Dantagnan seized the object.

Immediately subsequent to the seizure of the crack pipe from James's pocket, Deputy Dantagnan informed James of his *Miranda* warnings, placed him in handcuffs, and conducted a search incident to the arrest. The Deputy located a small amount of a green, leafy substance suspected to be marijuana in James's right, front pocket. Deputy Dantagnan asked James for consent to search the trailer, and he agreed. Deputy Dantagnan noted that the cushion on a nearby chair was elevated. Sergeant Williams lifted the cushion and retrieved a green handbag that contained a large amount of suspected marijuana and a film canister. The film canister contained suspected crack cocaine. A small clear plastic bag of suspected crack cocaine was recovered from underneath a mattress in the bedroom area of the trailer.

James was separately tried before a jury in Case No. 405403 on December 4 and 5, 2006.[5] He was found guilty as charged on possession of cocaine.[6] At a hearing held February 2, 2007, the Trial Court sentenced James to serve five years at hard labor.[7] The Court also denied James's motions for directed verdict and for new trial.[8] On October 10, 2007, James entered a plea of guilty

---

[5] St. Rec. Vol. 1 of 4, Trial Minutes, No. 405403, 12/4/06; Trial Minutes, No. 405403, 12/5/06; Trial Transcript, No. 405403, 12/4/06; St. Rec. Vol. 2 of 4, Trial Transcript (continued), No. 405403, 12/4/06; Trial Transcript, No. 405403, 12/5/06.

[6] St. Rec. Vol. 1 of 4, Verdict of the Jury, 12/5/06; Trial Minutes, No. 405403, 12/5/06; St. Rec. Vol. 2 of 4, Trial Transcript, No. 405403, 12/5/06.

[7] St. Rec. Vol. 1 of 4, Sentencing Minutes, No. 405403, 2/2/07; St. Rec. Vol. 2 of 4, Sentencing Transcript, No. 405403, 2/2/07.

[8] *Id.*; St. Rec. Vol. 1 of 4, Motion for Directed Verdict, No. 405403, 2/2/07; Motion for a New Trial, No. 405403, 2/2/07.

to a multiple offender bill filed by the State, and the Trial Court re-sentenced him to serve six years at hard labor.[9]

That same day, James also entered a plea of guilty to the charge of possession of marijuana in Case No. 405404.[10] The Trial Court sentenced him to six months in the parish jail, concurrent with the sentence in Case No. 405403.[11] James did not seek further review of this conviction or sentence.

On direct appeal to the Louisiana First Circuit Court of Appeal from his conviction in Case No. 405403, James's counsel raised assignments of error:[12] (1) the Trial Court erred in proceeding to trial without James's presence; (2) the Trial Court erred in denying the motion to suppress where consent was not communicated; and (3) the Trial Court erred in allowing the State to introduce other crimes evidence without a hearing and a mistrial was requested. On June 6, 2008, the Louisiana First Circuit affirmed James's conviction, multiple offender adjudication, and sentence, finding no merit to the claims raised.[13]

On July 9, 2008, James's counsel filed a writ application with the Louisiana Supreme Court in which he argued the following:[14] (1) the Louisiana First Circuit erred in holding that the search was consensual; (2) the Louisiana First Circuit erred in holding that a search warrant was immaterial;

---

[9] St. Rec. Vol. 1 of 4, Multiple Bill, No. 405403, 4/24/07; Multiple Bill Hearing Minutes, No. 405403, 10/10/07; St. Rec. Vol. 2 of 4, Multiple Bill Hearing Transcript, No. 405403, 10/10/07.

[10] St. Rec. Vol. 1 of 4, Guilty Plea Minutes, No. 405404, 10/10/07; St. Rec. Vol. 2 of 4, Guilty Plea Transcript, No. 405404, 10/10/07.

[11] *Id.*

[12] St. Rec. Vol. 4 of 4, Appeal Brief, 2007-KA-2400, 2/20/08.

[13] *State v. James*, 968 So.2d at 255; *State v. James*, 2008 WL 2332237, at *1; St. Rec. Vol. 3 of 4, 1st Cir. Opinion, 2007-KA-2400, 6/6/08.

[14] Rec. Doc. No. 20-1, p. 7, La. S. Ct. Writ Application, 08-K-1545, 7/9/08 (postal metered 7/7/08).

and (3) the Louisiana First Circuit erred in holding that exigent circumstances existed for the police to enter the home.

On November 5, 2008, James filed a *pro se* supplemental brief in which he raised the following issues:[15] (1) the Louisiana First Circuit and the Trial Court erred in holding that the execution of the arrest warrant was proper, that the intrusion was reasonable without exigent circumstances, that the evidence seized was admissible, and that James's arrest was valid and constitutional; (2) the Louisiana First Circuit and the Trial Court erred in holding that James voluntarily absented himself from the trial proceedings; (3) the Louisiana First Circuit and the Trial Court erred in holding that the references to other crimes evidence was not subject to prior notice and was not prejudicial, and that a jury admonition was sufficient; (4) the Louisiana First Circuit and the Trial Court erred in allowing habitual offender proceedings while the direct appeal was unresolved; (5) the Louisiana First Circuit erred in placing limits on James's access to transcripts; and (6) James received ineffective assistance of counsel.

On March 4, 2009, the Louisiana Supreme Court denied the writ application without stated reasons.[16] James's conviction became final 90 days later, on June 2, 2009, when he did not file a writ of certiorari with the United States Supreme Court. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); U.S. S. Ct. Rule 13(1).

---

[15] Rec. Doc. No. 20-2, pp. 1, 6, Pro Se Supplemental Brief, 08-K-1545, 11/5/08 (dated 10/21/08); *see also*, St. Rec. Vol. 3 of 4, Pro Se Supplemental Brief, 08-KH-1545, 11/12/08.

[16] *State v. James*, 3 So.3d 470 (La. 2009); St. Rec. Vol. 4 of 4, La. S. Ct. Order, 2008-K-1545, 3/4/09.

## II.     State Procedural Background

On June 14, 2009, James submitted an application for post-conviction relief to the Trial Court in Case No. 405403 raising the following grounds for relief:[17] (1) ineffective assistance of counsel for failure to pursue motions to quash and to suppress evidence knowing that the evidence was obtained pursuant to an unlawful entry and illegal search and seizure; (2) the State abused its discretion by failing to disclose evidence favorable to the defense and by introducing tainted evidence into the voir dire, opening statements, and trial; (3) the Trial Court admitted insufficient evidence of the green handbag and its contents and the bag found under the cushion of the chair; (4) ineffective assistance of counsel by failing to see and act upon evidentiary discrepancies; (5) ineffective assistance of counsel for failure to move for a mistrial or argue regarding James's absence from trial; (6) ineffective assistance of counsel for failing to call Latiolais as a witness about her identity and address and cross-examine her about the facts; (7) ineffective assistance of counsel for failure to inspect, video tape, or photograph James's residence for use at trial; (8) ineffective assistance of counsel for failure to object to the use of all prior guilty pleas for sentencing purposes without waiver and notice of James's appellate rights; and (9) appellate counsel was ineffective for raising three claims on direct appeal and failed to raise two of the claims to the Louisiana Supreme Court for its review.

He submitted a second application in the same case on July 2, 2009,[18] raising the same nine claims and adding a tenth claim, arguing that counsel was ineffective for failure to act professionally and advocate his client's case and file proper motions, including interviewing prospective witnesses.

---

[17]St. Rec. Vol. 3 of 4, Application for Post-Conviction Relief, 6/18/09 (dated 6/14/09).

[18]St. Rec. Vol. 3 of 4, Application for Post-Conviction Relief, 7/9/09 (dated 7/2/09).

On July 28, 2009, the Trial Court denied the second application as untimely filed.[19] The Court thereafter issued a separate judgment on August 26, 2009, addressing each of the ten claims individually, and finding each to be either repetitive of matters raised on appeal and/or to be without merit.

In the meantime, on August 27, 2009, James filed a writ application with the Louisiana First Circuit arguing that the Trial Court erred in denying his application for post-conviction relief as untimely.[20] On October 26, 2009, the Court determined that the Trial Court erred in so ruling and remanded the matter for the Trial Court to reconsider the application for post-conviction relief.[21]

On November 30, 2009, the Trial Court reissued its prior judgment addressing the merits of James's post-conviction claims.[22] According to the record before the Court, James sought no further review of this ruling.[23]

### III.  Federal Habeas Petition

On May 3, 2010, the clerk of the United States District Court for the Western District of Louisiana filed James's petition for federal habeas corpus relief, in which he raised the following grounds for relief:[24] (1) the Louisiana First Circuit erred in holding that the search was consensual

---

[19]St. Rec. Vol. 3 of 4, Trial Court Order, 7/28/09.

[20]St. Rec. Vol. 4 of 4, 1st Cir. Writ Application, 2009-KW-1619, 8/28/09 (dated 8/27/09).

[21]St. Rec. Vol. 3 of 4, 1st Cir. Order, 2009-KW-1619, 10/26/09.

[22]St. Rec. Vol. 3 of 4, Trial Court Judgment, 11/30/09. The Trial Court also later denied James's motions to amend the application, to correct his sentence, and for an alternative punishment to imprisonment. St. Rec. Vol. 3 of 4, Request for Leave to Amend Post-Conviction Application, 11/30/09; Trial Court Order, 1/12/10; Motion to Correct Illegal Sentence, 11/30/09; Trial Court Order, 1/12/10; Motion for Alternative to Traditional Imprisonment, 3/22/10; Trial Court Order, 4/6/10; Motion to Withdraw, 3/29/10; Trial Court Order (2), 4/6/10; Motion for Alternative to Traditional Imprisonment, 3/29/10; Trial Court Order (3), 4/6/10.

[23]The Court has confirmed with the clerk of the Louisiana Supreme Court that James has filed no writ applications in that Court since Writ No. 2008-K-1545 following the direct appeal. *See also*, Rec. Doc. No. 20, p. 1.

[24]Rec. Doc. No. 1.

based on oral consent; (2) the Trial Court erred in denying the motion to suppress the evidence; (3) the Trial Court erred by conducting the trial without James's being present in the courtroom; (4) counsel was ineffective during pretrial and trial in failing to communicate with James, failing to call Latiolais as a witness and in failing to challenge the police report to establish a lack of probable cause to be at James's home; (5) the police did not have a warrant to enter his home; (6) the lab returned the wrong evidence after testing and this should have been suppressed, and counsel was ineffective for failing to challenge this; and (7) counsel was ineffective for failure to call witnesses or prepare a defense.

James was granted leave to amend his petition by the previously assigned Magistrate Judge.[25] By that amendment, James specifically sought to "abandon ground (4); ground seven (7); and ground (3) of the original petition."[26] In spite of this, James also sought to amend his claims to include the following additional arguments:[27] (1) Ground One was amended to include that the Trial Court erred in denying the motion to suppress; (3) Ground Three was amended to argue that he is entitled to a new trial based on his absence from the prior trial; and (6) Ground Six was amended to argue that the Trial Court erred in denying the motion for mistrial based on the State's reference to other crimes evidence.

James does not explain why he attempts to abandon claim 3 in his amended complaint yet provides additional arguments in support of the claim therein. To protect his rights, the Court will allow Claim Three to remain urged as amended. Nevertheless, it will be recommended that Claims Four (counsel was ineffective during pretrial and trial in failing to communicate with James, failing

---

[25] Rec. Doc. No. 14, 15.

[26] Rec. Doc. No. 16.

[27] Rec. Doc. Nos. 14, 15, 16. Although James confused his numbering, his intent was made clear.

to call Latiolais as a witness and in failing to challenge the police report to establish a lack of probable cause to be at James's home) and Seven (counsel was ineffective for failure to call witnesses or prepare a defense) be voluntarily dismissed, noting that both of these claims were not exhausted in the state courts.

The State filed an answer and memorandum in opposition to James's original petition conceding its timeliness and arguing that James failed to exhaust state court remedies as to all of the claims raised. The State did not specifically respond to the amended petition.

## IV.     General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[28] applies to this petition, which is deemed filed in this Court under the federal mailbox rule on April 28, 2010.[29] The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b)-(c) (2006)).

---

[28]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[29]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting *pro se*. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of the Western District filed James's petition on May 3, 2010, when the filing fee was received. James dated his signature on the form petition on April 28, 2010. This is the earliest date on which he could have submitted the pleadings to prison officials for mailing. The fact that he later paid the filing fee does not alter the application of the federal mailbox rule to his pro se petition. *See Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 374).

In this case, the State concedes, and the Court finds that, James's petition was timely filed. The State argues, however, that James failed to exhaust state court remedies as to each of the claims raised in his petition. The record supports that conclusion. For the following reasons, the Court finds that James has not fully exhausted available state court remedies as to each of the claims raised in his petition as amended, and his petition should be dismissed for that reason.

## V.    Failure to Exhaust

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *Nobles*, 127 F.3d at 419. "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519-20).

The well-established test for exhaustion requires that the substance of the federal habeas claim be fairly presented to the highest state court. *Whitehead*, 157 F.3d at 387 (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." *Whitehead*, 157 F.3d at 387 (citing *Picard*, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." *Whitehead*, 157 F.3d at 387 (citing *Nobles*, 127 F.3d at 420); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).

For exhaustion purposes, it also is not enough for a petitioner to have raised the claims in a state court if it was not specifically raised at each level of the state courts. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("the prisoner must 'fairly present' his claim in each appropriate state court"). Furthermore, a prisoner does not fairly present a claim to the state's highest court if that court must read beyond the petition or brief, such as a lower court opinion, to find a claim not otherwise specifically raised. *Id.*, at 32.

In this case, a review of James's state court pleadings demonstrates that he has not exhausted state court remedies as to four of his federal claims, specifically Claims Five and Six. James presented Claim Six (the lab returned the wrong evidence after testing and this should have been suppressed, and counsel was ineffective for failing to challenge this) for the first time in his state application for post-conviction filed in the Trial Court on June 14, 2009. James did not seek review of the Trial Court's denial of relief on the merits of his post-conviction claims in either the Louisiana First Circuit or the Louisiana Supreme Court. He therefore failed to exhaust available remedies as to Claim Six.

In addition, James raised Claim Five (the police did not have a warrant to enter his home) for the first time in his *pro se* supplemental brief filed in the Louisiana Supreme Court on November 5, 2008, on review of his direct appeal. A petitioner does not exhaust state remedies when he fails to present claims to the lower courts before submitting them to the state's highest court, here the Louisiana Supreme Court. *See Baldwin*, 541 U.S. at 29. This claim also is not exhausted.

The record discloses no good cause for James's failure to properly and fully exhaust his claims in the state courts, and the Court can find none from its review of the record. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Therefore, James's mixed petition, presenting both exhausted and unexhausted claims, should be dismissed without prejudice to allow him to pursue complete

exhaustion, unless he chooses to dismiss all of the unexhausted arguments and claims presented to this Court. *Pliler v. Ford*, 542 U.S. 225, 233 (2004) (quoting *Rose*, 455 U.S. at 510); *Whitehead*, 157 F.3d at 387.

## VI.    Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Paul A. James's request to dismiss and abandon Claims Four and Seven be **GRANTED** and the claims dismissed without prejudice.

It is further **RECOMMENDED** that James's petition as amended for the issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[30]

New Orleans, Louisiana, this 26th day of August, 2011.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[30]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.