UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

PAUL A. JAMES                                    CIVIL ACTION

VERSUS                                           NO: 10-1903

WARDEN RUSSELL BUTLER,                           SECTION: R
LOUISIANA DEPT. OF CORRECTIONS

**ORDER**

Before the Court is Paul James's petition for a writ of habeas corpus. Having reviewed *de novo* the petition, the record, the applicable law, the Magistrate Judge's Report and Recommendation, and the petitioner's response thereto, the Court approves the Report and adopts it as its opinion.

Petitioner states several objections to the Magistrate Judge's Report and Recommendation. First, he contends that although he voluntarily dismissed claim six in his amended petition, that claim had in fact been exhausted, and the Court should permit him to re-urge that claim. Petitioner has already come before the Court on this same habeas petition several times before. On March 3, 2010, he filed his original habeas petition.[1] On January 10, 2011, he was granted leave to file an amended

---

[1] R. Doc. 1

petition by the Magistrate Judge then assigned to the case,[2] and James did in fact amend his petition on January 24, 2011.[3] On September 8, 2011, in his objections to the Magistrate Judge's Report and Recommendation, James abandoned several of his claims, including claim six of his amended petition.[4] The Court permitted him to dismiss these claims, and remanded to the Magistrate Judge to consider his exhausted claims only.[5] On February 17, 2012, the Magistrate Judge examined those unexhausted claims, and recommended dismissal of James's petition with prejudice.[6] James now seeks another chance to amend his petition and re-urge a claim that he has abandoned voluntarily.

Although James voluntarily dismissed claim six in his amended petition in his objections to the Magistrate Judge's August 26, 2011 Report and Recommendation, the Magistrate Judge in fact never issued a recommendation as to claim six of James's *amended* petition. Instead, she found that James had failed to exhaust claim six of his *original* petition only. James indeed presented claim six from his amended petition to the Louisiana

---

[2] R. Doc. 15.

[3] R. Doc. 16.

[4] R. Doc. 23.

[5] R. Doc. 24.

[6] R. Doc. 25.

2

Supreme Court, albeit as a supplemental brief filed *pro se* after his attorney timely applied for a writ on more limited grounds.[7] Even had he not dismissed this claim, however, petitioner's claim nevertheless would have lacked merit.

In claim six of his amended petition, James contends that the Louisiana trial court erred in denying a mistrial based on the prosecutor's use of "other crimes" evidence. In Louisiana, while other crimes evidence is generally inadmissible to show a defendant's bad character, such evidence is admissible "when it relates to conduct that constitutes an integral part of the act or transaction that is part of the subject of the present proceeding." La. Code Evid. Art. 404(B)(1). In this case, the Louisiana First Circuit found that marijuana, discovered in the same backpack as the cocaine for which petitioner was tried and convicted, constituted admissible *res gestae* evidence at petitioner's trial on the cocaine charge.[8]

Errors of state law, including evidentiary errors, are not cognizable on federal habeas corpus review unless rising to a due process violation by rendering the proceeding fundamentally unfair. *See Lisenba v. People of the St. of Ca.*, 314 U.S. 219, 236-37 (1941); *Derden v. McNeel*, 978 F.2d 1453, 1458 (5th. Cir.

---

[7] R. Doc. 20-2 at 22-24.

[8] R. Doc. 20-1 at 27-28.

1992). It is not enough to support federal habeas review that a state's evidentiary laws were not followed; an evidentiary error is fundamentally unfair only if it is "material in the sense of a crucial, critical, highly significant factor." *Hills v. Henderson*, 529 F.2d 397, 401 (5th Cir. 1976) (quoting *Corpus v. Beto*, 469 F.2d 953, 956 (5th Cir. 1972)). In this case, whether or not the evidence was erroneously admitted, petitioner has failed to demonstrate, or even allege, the fundamental unfairness necessary for a constitutional violation.

James also asks the Court to hold his federal habeas proceedings in abeyance so that he may have an opportunity to research the law governing his petition. James contends that the facility in which he is incarcerated offers inadequate legal resources and imposes time delays that preclude him from presenting his petition in its best light. While a district court may stay and abate the federal proceeding "in limited circumstances" to allow the defendant to return to state court to exhaust the necessary claims, *Rhines v. Weber*, 544 U.S. 269, 277 (2005), James seeks a stay not to exhaust his claims, but to afford him additional time for legal research. The Court denies his request. James filed his original habeas petition more than two years ago. Since that time, he has received access to law library materials, and has come before the Court on several

occasions to tinker with his legal theories. He has demonstrated neither cause for a stay nor an extension of deadlines to restructure his petition yet again.

Petitioner also objects to the Magistrate Judge's legal conclusions, but his objections are without merit. Petitioner cites *Steagald v. United States*, 451 U.S. 204 (1981), in support of his Fourth Amendment claim. As the Magistrate thoroughly discussed, however, *Stone v. Powell*, 428 U.S. 465 (1976), held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 494. The bar applies regardless of whether the state court decided the merits of the Fourth Amendment claim correctly. *See Swicegood v. Alabama*, 577 F.2d 1322, 1324-25 (5th Cir. 1978). Importantly, petitioner has not alleged that the state denied him an opportunity for full and fair litigation of his Fourth Amendment claim. His additional objections are either unclear or equally without merit.

Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may

direct the parties to submit arguments on whether a certificate should issue." RULES GOVERNING SECTION 2254 PROCEEDINGS, Rule 11(a). A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); RULES GOVERNING SECTION 2254 PROCEEDINGS, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard). In *Miller-El v. Cockrell*, the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" 537 U.S. 322, 336 (2003). James has failed to meet this standard.

Accordingly, Paul A. James's petition for a writ of habeas corpus is DISMISSED WITH PREJUDICE. The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this 4th day of April, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE